ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| WANDA I. ALVARADO<br><br>Recurrida<br><br><br>V.<br><br>WILLIAM ALVARADO<br><br>Peticionario | TA2025CE00276 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Coamo<br><br>Caso Núm.: AIL1402024-02950 L1402024-084<br><br>Sobre:<br><br>Ley 140 |

Panel integrado por su presidenta, la Juez Grana Martínez, el Juez Ronda Del Toro y la Juez Lotti Rodríguez

**Ronda Del Toro, Juez Ponente**

# RESOLUCIÓN

En San Juan, Puerto Rico, a 30 de septiembre de 2025.

El Sr. William Alvarado Alvarado (peticionario o Alvarado Alvarado), solicita la revisión de la *Resolución* que emitió el Tribunal de Primera Instancia, Sala de Coamo, el 15 de julio de 2025, registrada el 21 de julio de 2025. Mediante esta, el foro primario denegó la *Moción de Relevo de Resolución Enmendada y en Solicitud de Nueva Vista* que presentó el peticionario.

Evaluado el recurso, disponemos desestimar la acción por falta de jurisdicción por haberse tornado académico.

## I.

El 20 de agosto de 2024, la Sra. Wanda I. Alvarado presentó una querella contra William Alvarado Alvarado, al amparo de la Ley 140-1974, conocida como *Ley sobre Controversias y Estados Provisionales de Derecho* (Ley 140). En la querella alegó en lo pertinente que el señor Alvarado Alvarado, "autorizó a sus hijos a tener un taller de mecánica, donde tienen carros de carreras con los cuales hacen un ruido, que no me permite hablar con las visitas

por teléfono, ni escuchar.  He hablado sobre la situación, pero no tuve éxito…".  Mas adelante, la querellante indicó lo siguiente: "Solicito […] que detengan los ruidos innecesarios, acelerando los carros de carreras."[1]

El 21 de agosto de 2024, la Sala Municipal del Tribunal de Primera Instancia, emitió una *Orden* a William Alvarado Alvarado, Urb. El Eden Calle B #7 Coamo, PR  00769.  En esta, le requirió que compareciera ante el Tribunal de Coamo, a la vista a celebrarse el 3 de septiembre de 2024.

En respuesta a la querella, el 27 de agosto de 2024[2], un funcionario del Departamento de Recursos Naturales y Ambientales realizó una investigación en el lugar.  Tras ello, emitió un informe con sus observaciones, fotos y la siguiente recomendación: "Que no se operen los vehículos de motor a menos que tengan un sistema amortiguador de sonido eficiente y cuando se puedan operar que sea a bajas revoluciones."

El día de la vista, 3 de septiembre de 2024, el foro primario emitió una Resolución.  De esta surge que comparecieron a la audiencia la parte querellante representada por su abogado y el querellado, representado por abogado.  Asimismo, compareció el Sr. José Rivera del Departamento de Recursos Naturales.  El tribunal de origen le ordenó al querellado que en diez (10) días, tomara las medidas necesarias para contener, dentro de los límites de su propiedad, los olores provenientes de los vehículos de sus hijos.[3]

El 18 de septiembre de 2024, la señora Alvarado presentó una *Moción Solicitando Corrección de Resolución*.  Tras ello, el **20**

---

[1] SUMAC TA, entrada 1, Apéndice 1.
[2] SUMAC TA, entrada 1, Apéndice 4.
[3] SUMAC TA, entrada 1, Apéndice 5.

**de septiembre de 2024**, el foro primario emitió una *Resolución Enmendada*[4]*,* notificada el 26 de septiembre de 2024*.* En esta, dispuso en lo pertinente, que, "le ordena al querellado que por el término de **UN (1) año** se abstenga de acelerar o permitir que otros aceleren carros de carrera en su propiedad que produzcan ruidos y emanaciones de gases que perturben a la parte querellante en su residencia."

El 7 de octubre de 2024[5], Alvarado Alvarado presentó una *Moción por Derecho Propio*. En general, le solicitó al tribunal primario que lo exonere de la responsabilidad de un (1) año de acelerar o permitir que otros aceleren carros, porque él no era el dueño de esos vehículos. El 8 de octubre de 2024, el tribunal de instancia declaró *No Ha Lugar* la Moción Por Derecho Propio. Además, expresó: "Se deberá dar fiel cumplimiento de lo establecido en la Resolución emitida por el Tribunal y lo dispuesto en el reglamento de la DRNA."

Meses después, el **14 de julio de 2025**, Alvarado Alvarado interpuso una *Moción de Relevo de Resolución Enmendada y en Solicitud de Nueva Vista*. En esta, mencionó que en la *Resolución Enmendada* no surgía el querellado fuera quien aceleraba los carros, ocasionara los ruidos o sea el dueño de los carros de carrera. Indicó que el foro primario carecía de jurisdicción para resolver la controversia, pues faltaba incluir como partes indispensables a sus hijos, quienes eran los dueños de los autos de carrera y a su hermano, quien vive la propiedad. Alegó que se expone a ser sancionado por situaciones fuera de su control.

El 15 de julio de 2025, registrada y archivada el 21 de julio de 2025, el foro primario declaró **No Ha Lugar** la moción,

---

[4] SUMAC TA, entrada 1, Apéndice 7.
[5] SUMAC TA, entrada 1, Apéndice 8.

conforme a la Regla 47 de Procedimiento Civil[6].  Insatisfecho, el **11 de agosto de 2025**, Alvarado Alvarado interpuso un recurso de *Certioari* ante este foro de revisión intermedio y planteó lo siguiente:

> **Primero**: Erró el Honorable Tribunal de Primera Instancia al no dejar sin efecto la Resolución Enmendada por falta de partes indispensables.

> **Segundo**: Erró el Honorable Tribunal de Primera Instancia al no señalar una vista para que el querellado pueda establecer que él no vive y ni es dueño del lugar donde se alega se producen los ruidos y emanaciones de carros de carreras y tampoco es responsable de velar que sus hijos adultos se abstengan de llevar a cabo esas actividades, porque el asunto se tornó académico e inaplicable el estado provisional de derecho en cuanto a él se refiere, ante la realidad jurídica de que la Resolución Enmendada no constituye nunca cosa juzgada y es inapelable. Además, no aplica la Regla 47 de las de Procedimiento Civil de Puerto Rico por disposición expresa de la Ley 140-1974.

La parte recurrida no presentó su alegato en oposición a la expedición del auto de *certiorari* en el término establecido en la Regla 37 (A) del Reglamento del Tribunal de Apelaciones, según enmendado, *In re Aprob Enmdas.*, Reglamento TA, 2025 TSPR 42, 215 DPR ____ (2025), 4 LPRA Ap. XXII-B.  Por esa razón, el recurso está perfeccionado y listo para adjudicación.

## II.

La jurisdicción es el poder o la autoridad que tiene un tribunal para considerar y decidir casos o controversias. Freire Ruiz et al. v. Morales, Hernández, 2024 TSPR 129, 215 DPR ____ (2024); Mun. Aguada v. W Const. y Recovery Finance, 214 DPR 432, 448 (2024); Torres Alvarado v. Madera Atiles, 202 DPR 495, 499-500 (2019).  De manera que, el primer factor a considerar en toda situación jurídica que se presente ante un foro adjudicativo

---

[6] 32 LPRA Ap. V.

es el aspecto jurisdiccional. <u>Freire Ruiz et al. v. Morales, Hernández</u>, *supra*; <u>Torres Alvarado v. Madera Atiles</u>, *supra*, pág. 500.   En consecuencia, al cuestionarse la jurisdicción de un tribunal por alguna de las partes o, incluso, cuando no haya sido planteado por éstas, dicho foro examinará y evaluará con rigurosidad el asunto jurisdiccional como parte de su deber ministerial, toda vez que éste incide directamente sobre la autoridad misma para adjudicar un caso o controversia. <u>Freire Ruiz et al. v. Morales, Hernández</u>, *supra*; <u>Mun. Aguada v. W Const. LLC</u>, *supra*; <u>Ruiz Camilo v. Trafon Group, Inc.</u>, 200 DPR 254, 268 (2018).

Es norma reiterada que los tribunales solo podemos evaluar aquellos casos que son justiciables. <u>Aponte Rosario et al. v. Pres. CEE II</u>, 205 DPR 407, 451 (2020).  Esto es, "la jurisdicción de los tribunales está sujeta a que los casos sean justiciables, ya que su función es adjudicar controversias reales y vivas, en las cuales existan partes con intereses encontrados cuyo propósito sea obtener un remedio que tenga un efecto sobre la relación jurídica". <u>Buxó Santiago v. ELA et als.</u>, 2024 TSPR 130, 215 DPR ___ (2024), citando a <u>Lozada Tirado v. Testigos de Jehová</u>, 177 DPR 893, 908-09 (2010).

Una orden resolviendo una controversia y fijando un estado provisional de derecho, es inapelable.[7]

Una controversia no se considera justiciable cuando, entre otros requisitos, **hechos posteriores al comienzo del pleito han tornado la controversia en académica**. <u>Super Asphalt v. AFI y otros</u>, 206 DPR 803, 815 (2021); <u>Bhatia Gautier v. Gobernador</u>, 199 DPR 59, 69 (2017); <u>Asoc. Fotoperiodistas v.</u>

---

[7] 32 LPRA sec. 2875.

Rivera Schatz, 180 DPR 920, 932 (2011); Noriega v. Hernández Colón, 135 DPR 406, 421-422 (1994). (Énfasis nuestro). Una controversia que en sus inicios era justiciable se convierte en académica cuando "los cambios **fácticos** o judiciales acaecidos durante el trámite judicial de una controversia, tornan en académica o ficticia su solución". Super Asphalt v. AFI y otros, *supra,* Amador Roberts v. ELA, 191 DPR 268, 283 (2014). Esto es, la cuestión en controversia pierde eficacia ante el paso del tiempo, ya sea porque ocurrieron cambios en los hechos o en el derecho, y esta se vuelve inexistente. Pueblo v. Díaz, Rivera, 204 DPR 472, 481 (2020). Amparados en el precepto de la academicidad, se evita "el uso inadecuado de los recursos judiciales y los precedentes innecesarios". Buxó Santiago v. ELA et als., *supra,* citando a Super Asphalt v. AFI y otros, *supra*, págs. 815-816.

No obstante, la doctrina de academicidad tiene excepciones: (1) cuando se plantea ante el foro judicial una cuestión recurrente o susceptible de volver a ocurrir y que tienda a evadir la revisión judicial; (2) cuando la situación de hechos ha sido modificada por el demandado, pero el cambio no aparenta ser permanente, y (3) cuando se tornan académicos aspectos de la controversia, pero subsisten consecuencias colaterales vigentes. Pueblo v. Díaz, Rivera, *supra*, pág. 482; Bhatia Gautier v. Gobernador, 199 DPR 59, 73-74 (2017). Cuando un tribunal determine que un pleito es académico, su deber es abstenerse de considerar los méritos de ese caso. Super Asphalt v. AFI y otros, *supra;* CEE v. Dpto. de Estado, 134 DPR 927, 936 (1993).

**III.**

Este caso inició con una querella que incoó la Sra. Wanda I. Alvarado contra el aquí peticionario, señor William Alvarado

Alvarado, al amparo de la Ley 140, sobre Controversias y Estados Provisionales de Derecho. El **20 de septiembre de 2024** el foro primario emitió una *Resolución Enmendada*, notificada el día 26 de ese mes y año. Mediante esta, el tribunal de instancia le ordenó al señor Alvarado Alvarado a tomar ciertas medidas, entre ellas, que por el término de **un (1) año**, se abstuviese de acelerar o permitir que otros aceleren carros de carrera en su propiedad, que produzcan ruidos y emanaciones de gases, que perturben a la parte querellante en su residencia.

Meses después y luego de otros trámites, el señor Alvarado Alvarado solicitó el relevo de la referida *Resolución Enmendada*. El 15 de julio de 2025, el foro primario denegó su petitorio. De esa decisión, el 11 de agosto de 2025, Alvarado Alvarado acudió a este foro de revisión intermedia.

Básicamente, alegó en su recurso que faltaban partes indispensables, que no era, ni es vecino de la querellante durante el tiempo en que alegadamente sus hijos aceleraban sus carros. Sostuvo que sus hijos y su hermano son partes indispensables en este proceso. Alegó, también, que si el tribunal de instancia no lo relevaba de la *Resolución Enmendada podría* ser sancionado por situaciones fuera de su control, si esas personas llevan a cabo actividades perturbadoras. Indicó que los estados provisionales de derecho no constituyen cosa juzgada.

Evaluado el asunto, a esta fecha nos vemos impedidos de atender su reclamo. La *Resolución Enmendada* provisional, cuya revisión solicita, fue emitida el **20 de septiembre de 2024**, por un término de vigencia de **un (1) año**. El peticionario presentó el recurso que atendemos el **11 de agosto de 2025**. Mientras el caso estaba antes nuestra consideración, transcurrió el término de un **(1) año** que fijaba la orden provisional aquí cuestionada.

Por consiguiente, el paso del tiempo tuvo el efecto de tornar en inconsecuente la controversia ante nuestra consideración y tornó en académica la presente causa.

En virtud de ello, cualquier determinación que emitamos no tendría ningún efecto jurídico ni vinculante. Siendo así, al no estar presentes ninguna de las excepciones a la doctrina de la academicidad, solo nos resta declararnos sin autoridad para entender sobre los méritos de esta causa.

**IV.**

Por las razones antes expresadas, se desestima el presente recurso por falta de jurisdicción por Academicidad.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones